BH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| DARREN D. VANN,<br>TDCJ # 1601567,<br>    Plaintiff,<br><br>v.<br><br>BRAD LIVINGSTON,<br>Executive Director, TDCJ, et al.,<br>    Defendants. | § § § § § § § § § § | Civil No. W-10-CA-253 |

## ORDER

Before the Court is Plaintiff's application to proceed *in forma pauperis*. The Prisoner Litigation Reform Act of 1996, 28 U.S.C. §1915, and *Hatchet v. Nettles,* 201 F.3d 651 (5th Cir. 2000) provide the procedures for prisoners seeking to proceed *in forma pauperis*, by requiring every prisoner, in every case, to pay the full filing fee in installments.

Plaintiff has submitted a certification from the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ") indicating that currently there is a total of $0.00 in his inmate trust fund account, and that he has a six-month average balance of $0.00 and a six-month average deposit of $0.00. Accordingly, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED** but that Plaintiff is not assessed an initial partial filing fee because he lacks the requisite funds. Plaintiff shall complete and submit to Plaintiff's custodial institution any consent or authorization forms that the custodial institution *requires*

to access Plaintiff's inmate trust fund account, to collect funds from the account, and to forward those funds to the Clerk of the District Court for the Western District of Texas. It is further

**ORDERED** that the institution having custody of Plaintiff's inmate trust fund account, TDCJ #1601567, shall, in accordance with 28 U.S.C. § 1915(b)(2), collect the $350.00 filing fee and forward to the Clerk of the District Court for the Western District of Texas monthly payments of 20% of the preceding month's income each time the amount in Plaintiff's inmate trust fund account exceeds $10.00, until the full $350.00 filing fee has been paid. It is further

**ORDERED** that Plaintiff must obtain leave of Court to file any amended or supplemental complaint in this case. Plaintiff must attach a proposed amended or supplemental complaint to the motion requesting leave to file. The Clerk of the Court is directed to mark the proposed amended or supplemental complaint submitted with the motion as "Received" and await a ruling by the Court as to whether or not it should be filed. Amended or supplemental complaints submitted without a motion requesting leave to file shall be returned to the Plaintiff unfiled. Plaintiff is advised that, generally, any amended complaint which is ordered to be filed will supersede the complaint being modified and render that earlier complaint of no legal effect. It is further

**ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and the Local Rules of the United States District Court for the Western District of Texas, the above-numbered cause is **ASSIGNED** to United States Magistrate Judge Jeffrey C.

Manske for disposition of all non-dispositive pre-trial matters and recommendations regarding case dispositive motions.

### Notice to Plaintiff

Although Plaintiff has been granted leave to proceed *in forma pauperis*, Plaintiff must pay the full filing fee of $350.00 filing when funds become available as discussed above. If Plaintiff does not wish to pay the full filing fee, Plaintiff must notify the Court in writing, by letter or motion, that he does not wish to prosecute this civil action. Plaintiff's notice, either by letter or motion, **MUST** be submitted to the Court within thirty (30) days of entry date of this Order.

Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, Plaintiff must still pay the entire $350.00 filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the TDCJ, which is dismissed as frivolous or malicious if there are any such prior dismissals. *See* Tex. Govt. Code Ann § 498.0045.

The Clerk is hereby **DIRECTED** to forward a copy of this Order to the Program Director, Office of the General Counsel, TDCJ, P.O. Box 13084, Austin, Texas 78711.

**SIGNED** this 21st day of September, 2010.

_____
WALTER S. SMITH, JR.
**UNITED STATES DISTRICT JUDGE**