# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | | |
|---|---|---|
| DARREN D. VANN,<br>TDCJ # 1601567,<br>　　Plaintiff, | *<br>*<br>*<br>* | |
| VS. | * | CIVIL ACTION NO. W-10-CA-253 |
| | * | |
| BRAD LIVINGSTON,<br>Executive Director, TDCJ, et al.,<br>　　Defendants. | *<br>*<br>* | |

## ORDER

Plaintiff has filed suit against the above-named defendants pursuant to 42 U.S.C. § 1983. He is before the Court pro se and has been granted leave to proceed in forma pauperis. Plaintiff is currently incarcerated by the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID").

Plaintiff names as Defendants Brad Livingston, the TDCJ executive director; Lovetta Knox, the warden of the Hobby Unit; Jack Markum, the assistant warden of the Hobby Unit; Captain Kevin L. Benjamin, a corrections officer at the Hobby Unit; and Ruth A. Springfield, also a corrections officer. Plaintiff alleges that Defendants acted maliciously by filing a false disciplinary report against him and lying at the hearing, thereby slandering him and causing him mental harm. *See* Complaint at 3-4. Although Plaintiff does not articulate a specific constitutional violation, taken in sum, the Court understands Plaintiff to argue that

Defendants violated his Fourteenth Amendment right to due process. He seeks damages against the officers and reversal of the disciplinary decision that resulted in forty-five days of recreation restriction, forty-five days of commissary restriction, forty-five days of property restriction, and ninety days of good time lost.

## I. Disciplinary Cases

In *Heck v. Humphrey*, the Supreme Court unequivocally held that no cause of action exists under section 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional conviction or imprisonment, or otherwise collaterally attack the constitutionality of the convictions that form the basis for their incarceration, unless the prisoner can show that the state criminal conviction he is attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Inherent in Plaintiff's allegation of a false disciplinary case is a challenge to the validity of the underlying disciplinary convictions at issue in the instant § 1983 action. Such claims are appropriate only in a petition for habeas corpus. Plaintiff has failed to demonstrate that the disciplinary convictions have been successfully attacked, as required for the Court to entertain the instant allegations. *Id.* Prison officials denied Plaintiff's step-one and step-two grievances. Complaint, Exhibit 1 at 3–6. Consequently, Plaintiff has failed to show that the disciplinary conviction has been invalidated; as such, his claims against the Defendants must be dismissed for failing to state a claim upon which

relief can be granted.

## II. Dismissal Pursuant to 28 U.S.C. § 1915(e)

Twenty-eight U.S.C. § 1915 reads, in pertinent part, as follows:

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

. . . .

      (B) the action or appeal--
          (i)  is frivolous or malicious;
          (ii) fails to state a claim on which relief may be granted;
          (iii) seeks monetary relief against a defendant who is immune
            from such relief.

28 U.S.C. § 1915(e)(2).

In the case at bar, the undersigned finds that Plaintiff's Complaint fails to adequately state a claim.

## III. Conclusion

Plaintiff has failed to state a claim on which relief can be granted.  Accordingly, it is

**ORDERED** that the referral to the magistrate judge is hereby **WITHDRAWN.**  It is further

**ORDERED** that the Plaintiff's action is hereby **DISMISSED WITHOUT PREJUDICE.**  It is further

**ORDERED** that any pending motions are hereby **DENIED.**

**SIGNED** this the _28_ day of September, 2012.

_____
**WALTER S. SMITH, JR.,**
**UNITED STATES DISTRICT JUDGE**